United States District Court
Southern District of Texas
**ENTERED**
August 25, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOHAMMAD R. KALATI, | § | |
| | § | |
| Petitioner, | § | |
| vs. | § | CIVIL ACTION NO. H-15-2660 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Mohammad R. Kalati, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his civil commitment. The respondent moved for summary judgment with a copy of the state court record. (Docket Entry No. 9). Kalati has not filed a response. Based on careful consideration of the pleadings, the motion, the record, and the applicable law, the court grants the respondent's motion and, by separate order, enters final judgment dismissing this case. The reasons are set out below.

**I.     Background**

In March 2011, after a jury trial, Kalati was found to be a sexually violent predator (SVP) under Chapter 841.003 of the Texas Health and Safety Code. He was placed under the supervision of the Texas Civil Commitment Office (TCCO). (Docket Entry No. 9-3, pp. 169-171). In May 2012, the Ninth Court of Appeals reversed the judgment and civil-commitment order and remanded for a new trial. (Docket Entry No. 9-4, pp. 542-58). The appellate court found that while the evidence against Kalati was legally sufficient to support the jury's SVP finding, the trial court had abused its discretion by denying him the opportunity to ask a question during voir dire. The Texas

Supreme Court denied the State's petition for review. In June 2013, the Ninth Court of Appeals issued its mandate. (Docket Entry No. 9-4, p. 559).

In September 2013, the State filed criminal charges against Kalati for violating his civil commitment requirements. (Docket Entry No. 9-1, pp. 7-11). In March 2014, while those charges were pending, Kalati signed an agreed judgment voluntarily entering civil commitment under the TCCO's supervision and waiving his rights to an attorney and trial. (Docket Entry No. 9-1, pp. 2-3, 5-6, 17-23). The criminal charges against him were dismissed.

Kalati filed this § 2254 petition in federal court in September 2015, challenging the March 2014 agreed judgment and commitment order. The threshold issue is whether Kalati filed his petition too late to permit this court to consider his claims.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

The one-year period began when the 2014 agreed judgment became final. Under Rule 329b of the Texas Rules of Civil Procedure, the agreed judgment became final on April 12, 2014, 30 days after it was signed. Kalati had until April 2015 to file his petition, but he did not do so until September.

The record does not indicate that any unconstitutional state action prevented Kalati from filing his § 2254 petition before the one-year period ended in March 2015. 28 U.S.C. § 2244(d)(1)(B). Kalati's claims do not relate to a constitutional right the Supreme Court recognized within the last year and applied retroactively to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Kalati's claims relate to the agreed final judgment and civil-commitment order he signed on March 13, 2014. Kalati knew the factual predicate of his claims at that time. 28 U.S.C. § 2244(d)(1)(D).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The pleadings and state court records show that Kalati's federal petition is untimely. The respondent is entitled to dismissal as a matter of law.

## III. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 9), is granted. Kalati's petition for a writ of habeas corpus is denied. This case is dismissed, with prejudice. All remaining pending motions are denied as moot.

The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). A petitioner makes a substantial showing when he demonstrates that his petition involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Kalati has not made the showing, and a certificate of appealability is not issued.

SIGNED on August 24, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge